UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE KASKE,

        Petitioner,                               Case Number: 05-72675

v.                                                  HON. LAWRENCE P. ZATKOFF

KURT JONES,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING
AND MOTION FOR APPOINTMENT OF COUNSEL**

      Petitioner Lawrence Kaske, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion for Appointment of Counsel and Motion for Evidentiary Hearing.

      There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

      Also before the Court is Petitioner's Motion for Evidentiary Hearing. Rule 8, Rules

Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, **after the answer and the transcript and record of state court proceedings are filed**, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

See Rule 8, Rules Governing Section 2254 Cases (emphasis supplied). Respondent's Answer to Petitioner's application for writ of habeas corpus has not yet been filed and the deadline for a response is January 13, 2006. Therefore, the request for an evidentiary hearing at this point in the proceedings is premature.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED**.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Evidentiary Hearing is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2005